UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

---

DEBORAH GUILLORY THORNHILL

versus

FINLEY, INC., d/b/a NAOMI HEIGHTS
NURSING HOME, ET AL

CIVIL ACTION NO. 07-1033

JUDGE TRIMBLE

MAGISTRATE JUDGE KIRK

---

## MEMORANDUM RULING

Before the court is a motion to dismiss [R. 4] filed by defendants Finley, Inc., d/b/a Naomi Heights Nursing Home ("Naomi Heights"), Finley Matthews, Jr. and Renee Matthews (the "Matthews"). Plaintiff has timely responded and the issues raised by the motion have been fully briefed and considered herein. For the reasons expressed below, the court finds that defendants' motion should be GRANTED in part and DENIED in part.

I.     **Background**

   A.     *Relevant Facts*

   Plaintiff is a former employee of Naomi Heights and served as this nursing home's activities director from July 12, 2004 until September 27, 2004.[1] Plaintiff alleges that she was sexually harassed by defendant Finley Matthews, Jr. on at least two (2) occasions.[2] Plaintiff

---

[1] Complaint [R. 1] at ¶ 7.

[2] Id. at ¶¶ 9 - 12.

1

further alleges that she was fired from her job at Naomi Heights by his wife, defendant Renee Matthews, as a result of Thornhill's gender and claims of harassment by Finley Matthews, Jr.[3]

Plaintiff filed a complaint with the EEOC on July 14, 2005 on the basis of the allegations explained above.[4]  During the pendency of the EEOC investigation, the Matthews dissolved the corporation by affidavit.[5]  The EEOC issued plaintiff a Notice of Right to Sue on March 19, 2007.[6]  Plaintiff filed this suit against defendants on June 15, 2007, asserting a cause of action against defendants under Title VII of the Civil Rights Act of 1964, codified as 42 U.S.C. 2000e-2(a)(1) and under La. R.S. 23:332, et seq.

Defendants come now before the court seeking dismissal of all federal claims against the Matthews in their individual capacity, as well as dismissal of plaintiff's state law claims against all defendants.

**B.**     ***Applicable Standard***

Federal Rule of Civil Procedure 12(b)(6) allows dismissal of a complaint when it fails to state a claim upon which relief can be granted.  In considering a Rule 12(b)(6) motion, the Court must accept the factual allegations of the complaint as true and resolve any ambiguities or doubts regarding the sufficiency of the claim in plaintiff's favor.[7]  "In order to avoid dismissal

---

[3]Complaint [R. 1] at ¶¶ 13 - 15.

[4]Id.; EEOC "Charge of Discrimination" [R. 1-2], attached as "Exhibit A" to Complaint.

[5]"Affidavit of Dissolution," attached as "Exhibit B" to defendants' reply to response to motion [R. 10].

[6]"Notice of Right to Sue" [R. 1-2], attached as "Exhibit B" to Complaint.

[7] Baker v. Putnal, 75 F.3d 190, 196 (5th Cir. 1996);  Fernandez-Montes v. Allied Pilots Ass'n., 987 F.2d 278, 284 (5th Cir. 1993); Brumberger v. Sallie Mae Servicing Corp., 2003 WL

for failure to state a claim, a plaintiff must plead specific facts, not mere conclusory allegations. . ."[8] "Legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."[9]  "[T]he complaint must contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial."[10]

## II.    Analysis of Law and Arguments

Defendants claim that Finley Matthews, Jr. and his wife, Renee should not be named individually in this suit because they are not "employers" within the meaning of Title VII.[11] Defendants point to several rulings by the United States Court of Appeal for the Fifth Circuit, including Indest v. Freeman Decorating, Inc.[12], as authority for the argument that employers, not individuals are subject to Title VII claims.  In Indest, the Fifth Circuit held that, were plaintiffs allowed to bring Title VII claims against individuals and employers, a double recovery may result because the employer is already answerable for the actions of its employees under the law.[13]

Plaintiff asserts that the Matthews have not been named as individual defendants to this

---

1733548, *1 (E.D. La. March 28, 2003).

[8]  Guidry v. Bank of LaPlace, 954 F.2d 278, 281 (5th Cir. 1992).

[9]  Blackburn v. City of Marshall, 42 F.3d 925, 931 (5th Cir. 1995).

[10]  Campbell v. City of San Antonio, 43 F.3d 973, 975 (5th Cir. 1995).

[11]Defendants' motion to dismiss [R. 4-2] at pp. 3-4.

[12]164 F. 3d 258 (5th Cir. 1999).

[13]Id., at 262, citing Allen v. Tulane University, 1993 WL 459949 (E.D. La. Nov. 2, 1993).

3

suit on the basis of their former roles as plaintiff's supervisors or their alleged actions in violation of Title VII, but instead, on the basis that they are personally liable for the debts of the dissolved defendant corporation by operation of La. R.S. 12:142.1(A), which states:

> "In addition to other methods of dissolution, if the corporation is not doing business, owes no debts, and owns no immovable property, it may be dissolved by filing an affidavit with the secretary of state executed by the shareholders, or by the incorporator if no shares have been issued, attesting to such facts and requesting that the corporation be dissolved.  Thereafter, the shareholders, or the incorporator if no shares have been issued, shall be personally liable for the debts or claims, if any, against the corporation in proportion to their ownership in the shares of the corporation."

Title VII, as expressed by the Fifth Circuit, does not create a cause of action against individuals.  Plaintiff concedes that no such cause of action against the Matthews exists, but points out that, in Indest, the Fifth Circuit acknowledged that a plaintiff does have a right of action against a corporation and its officer in an official capacity when the action against the officer is a personal action.[14]

Defendants argue that plaintiff's claims against the Matthews should be dismissed because such dismissal will not result in prejudice to the plaintiff because the corporation still exists for the purposes of this suit under La. R.S. 12:148(C), which states:

> "When a corporation has been liquidated completely:
>
> *                    *                    *
>
> C.  Upon issuance of the certificate of dissolution, the

---

[14] Indest, supra, 164 F.3d at 262.

4

> corporate existence shall cease as of the effective date
> stated in the certificate, except for the sole purpose
> of any action or suit commenced theretofore by, or
> commenced timely against, the corporation."

Thus, defendants claim that the Title VII action lies only against the corporation, which remains a viable defendant, obviating the need for the joining of individual defendants in this case.

Plaintiff argues that, because the corporation must, as described in La. R.S. 12:142.1(A), own nothing in order to be dissolved by affidavit, Finley, Inc. cannot satisfy a judgment, should one be rendered in her favor.  By operation of that same statute, plaintiff asserts, the Matthews are personally liable and, therefore, subject to suit as successors in liability to the dissolved corporation.  We agree.

The court finds that plaintiff's intent is not to assert a Title VII claim against the Matthews personally, but to join them as successors in liability to Finley, Inc. based on their chosen method of corporate dissolution.  We find that allowing these defendants to remain as parties to this action furthers the purpose of the two statutes enumerated above, which, as Louisiana appellate courts have stated, is to discourage  the abuse of dissolution by affidavit.[15] Were we to dismiss plaintiff's claims against the Matthews, plaintiffs would have to institute further litigation against them, should she receive a money judgement from this court, in order to satisfy the judgment.  We find this result inefficient and unnecessary as La. R.S. 12:142.1(A) provides for personal liability and, we believe, a personal right of action to plaintiff.

_____

[15]See In re Reinstatement of North Louisiana Well Servicing Co. and Williams v. Zurich Ins. Co., 597 So.2d 160, 161 (La. App. 2d Cir. 1992), quoting Brunson Bonding & Ins. v. ELM, Inc., 540 So.2d 530 (La. App. 1st Cir. 1989).

Defendants also seek dismissal of plaintiff's state law discrimination claim under La. R.S. 23:331, et seq. on the basis that such claim has prescribed under La. R.S. 23:303(D). Plaintiff concedes that this claim has prescribed.[16]  Accordingly, we will dismiss plaintiff's state law claim as prescribed.

## III.   CONCLUSION

Having considered the law and arguments before us, the court finds that defendants Finley Matthews, Jr. and his wife, Renee Matthews are successors in liability to Finley, Inc., named as corporate defendants herein.  We find that plaintiff is entitled to name these defendants individually to this suit on the basis of their personal liability for any debts of the corporation, which was dissolved by affidavit.  Therefore, defendant's motion seeking dismissal of the Matthews as individual named defendants shall be DENIED.

The court also finds that plaintiff's state law discrimination claim against defendants should be dismissed, as such claim is now prescribed.  This portion of defendants' motion shall be GRANTED.

Alexandria, Louisiana
October  2 5 , 2007

_____
JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

---

[16]Plaintiff's memorandum in opposition to motion [R. 9] at p. 6.